## Nora Smiley, Appellee, v. Millard Barnes, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Massac county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed November 9, 1914. Rehearing allowed and opinion filed September 1, 1915. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Nora Smiley, plaintiff, against Millard Barnes, defendant, in the Circuit Court of Massac county, to recover for injuries to plaintiff's means of support by the death of plaintiff's husband, Will G. Smiley, as the result of personal injuries sustained by deceased while intoxicated as a result of drinking liquor sold to him by defendant, a saloon keeper. The pleadings and evidence in this case were substantially the same as in that of *Smiley v. Barnes, ante,* p. 530, except that in this case such pleadings and evidence are adapted to the loss of deceased as the means of support of deceased's widow.

From a judgment for plaintiff for $4,500, defendant appeals.

W. H. NELMS, F. P. DRENNAN and COURTNEY, HELM & HELM, for appellant.

GEORGE B. BAKER and FRED R. YOUNG, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1502*—*when not reversible error to refuse to permit peremptory challenge.* It is not reversible error to refuse to permit the peremptory challenge of a juror of a panel of four after such panel has been accepted and before the last panel of four has been accepted.

2. JURY, § 72*—*when right to peremptory challenge does not exist.* After a panel of four jurors has been accepted, the right of peremptory challenge of jurors in the panel does not exist unless good cause is shown.

3. JURY, § 72*—*when trial judge may permit peremptory challenge of juror.* Section 21 of the Jurors' Act (J. & A. ¶ 6851), providing that jurors shall be accepted in panels of four is not to be construed as restricting the right of the trial judge to permit a peremptory challenge of a juror of such panel after the panel has been accepted if deemed necessary or proper for the furtherance of justice, although such juror could not be challenged for any cause allowed by the statute.

4. APPEAL AND ERROR, § 1502*—*when not reversible error to permit peremptory challenge of juror.* Section 21 of the Jurors' Act (J. & A. ¶ 6851), providing that jurors shall be accepted in panels of four, is directory and the exercise of discretion by the trial judge in permitting a peremptory challenge of a juror in such panel after the panel has been accepted will not work a reversal unless injustice has been done by the exercise of such discretion.

5. APPEAL AND ERROR, § 1502*—*when failure to comply with statute in selection of jury not reversible error.* The selection of the jury is not in all cases required to be in strict pursuance with the statute, and such failure to observe the requirements of the statute strictly will not be deemed reversible error where it does not appear that the jury so selected were prejudiced against either of the parties or were not fair-minded and intelligent.

6. INSTRUCTIONS, § 19*—*when not deemed argumentative.* The objection to an instruction that it is argumentative and misleading is not well taken where the objection is not pointed out, and it does not appear from a reading of the instruction objected to wherein such instruction is misleading or what constitutes the argument claimed.

7. INTOXICATING LIQUORS, § 251*—*when instruction that jury must not consider propriety of law not prejudicially erroneous.* In an action by a widow to recover for injury to her means of support by the death of her husband, which death was the result of per-

sonal injuries sustained by deceased while intoxicated as a result of drinking liquor sold to him by defendant, a saloon keeper, an instruction that it is not for the jury in assessing damages to inquire into the propriety of the law in force in relation to the sale of intoxicating liquors, *held* not prejudicially erroneous although of doubtful propriety, the instruction not relating to exemplary damages, and the jury being expressly instructed to assess damages at the amount in which the evidence showed plaintiff had been injured in her means of support as a result of such death.

8. INSTRUCTIONS, § 104*—*when instruction as to amount of recovery not prejudicially erroneous.* An instruction that if the jury find for plaintiff the damages assessed must be limited to the amount of the *ad damnum* is not prejudicially erroneous as not properly limiting the recovery, where the instructions as to damages properly define the elements on which plaintiff's damages are to be assessed, and where it appears that the verdict is for an amount less than half the amount of the *ad damnum*, it thereby appearing that the jury were not misled by the instruction complained of.

9. INTOXICATING LIQUORS, § 249*—*when instruction as to cause of death not erroneous.* In an action by a widow to recover for injuries to her means of support by the death of her husband, such death being the result of personal injuries sustained by the deceased while intoxicated as a consequence of drinking liquor sold to him by defendant, a saloon keeper, an instruction is not subject to criticism where the word "contributed" is used instead of "materially assisted or contributed," in relation to the connection between the death sought to be recovered for and the intoxication produced by drinking the liquor sold to deceased by defendant, it not being denied that such intoxication was produced solely by such liquor, and the question of the contribution of defendant's wrongful act in causing such death being therefore not involved.

10. INTOXICATING LIQUORS, § 251*—*when instruction properly limits damages to right of support.* In an action by a widow to recover for injury to her means of support by the death of her husband, an instruction objected to as not limiting plaintiff's damages to injury to her right of support, examined and *held* properly to limit such damages to the amount in which plaintiff was injured in her right of support.

11. INTOXICATING LIQUORS, § 251*—*when refusal of instruction that loss of support of children not element of damages not reversible error.* In an action by a widow to recover for injury to her right of support by the death of her husband, it is not reversible error to refuse an instruction that loss of support of plaintiff's children was not an element of the damages to be assessed in this

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

action, although such an instruction might properly have been given.

12. APPEAL AND ERROR, § 1406*—*when verdict will not be dis-turbed on ground of excessiveness.* In an action by a wife to recover for injury to her right of support as a result of the death of her husband, the question of the amount at which plaintiff's damages is to be assessed is a matter for the determination of the jury, and the amount at which such damages were assessed by the verdict will not be interfered with where it does not appear that the jury in assessing damages acted from prejudice, sympathy or other improper motive.

13. INTOXICATING LIQUORS, § 245*—*when verdict in favor of widow for loss of support not excessive.* In an action by a widow to recover for injury to her means of support by the death of her husband, *held* that a verdict for plaintiff for $4,500 should not be disturbed on the ground that the amount of damages assessed was excessive, where it appeared that deceased was a young and healthy man in the prime of life, and situated so as to give his family a comfortable living and properly to care for, maintain and educate his children.